[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT (NO. 155)
In this products liability case plaintiff claims injuries from the rupture of an abrasive wheel. The defendant manufacturer filed a third special defense alleging:
 With respect to all of the claims raised by the plaintiff. . . he was, himself, guilty of CT Page 8885 comparative responsibility, and his employer was guilty of such responsibility, and they should be considered two persons who are a single party for the assessment of comparative responsibility, all pursuant to 52-5720 of the Connecticut General Statutes . . . . [Emphasis added.]
Plaintiff has moved for summary judgment on this defense as a matter of law claiming that plaintiff's employer is not a party, therefore, plaintiff and his employer cannot be considered a single party under the statute. The court agrees.
Connecticut General Statutes 52-5720(b) states, in relevant part:
 In any claim involving comparative responsibility, the court may instruct the jury to give answers to special interrogatories, or if there is no jury, the court may make its own findings, indicating . . . (2) the percentage of responsibility allocated to each party, including the claimant, as compared with the combined responsibility of all parties to the action. For this purpose, the court may decide that it is appropriate to treat two or more persons as a single party. [Emphasis added.]
Defendant focuses upon the word "persons" in the last sentence and disregards the rest of the section in claiming that the comparative responsibility of the nonparty employer may be added to any responsibility of the claimant.
The statutory scheme is clear. The trier is to allocate responsibility among all parties. It is only for that allocation that two or more persons may be treated as a single party. In this context the word persons could only refer to parties.
This construction of the statute would harmonize it with Connecticut General Statutes 52-5722(b) which states:
 The plaintiff, upon verdict or settlement against a third party resulting from a product CT Page 8886 liability claim shall receive the amount of the verdict or settlement reduced by his attorney's fees and costs, and further, reduced by an amount equal to the amount paid as compensation, including medical expenses, under the provision of [the worker's compensation chapter of the statutes] and an amount equal to the present worth of any probable future payments to which he has become entitled by award on account of such injury.
To allow the employer's responsibility to be added to the plaintiff's to reduce the amount of any recovery would mean a double offset against any judgment where Connecticut General Statutes 52-5722(b) applies. Such a result would run counter to the statutory scheme.
For the foregoing reasons, the motion for summary judgment as to defendant's third special defense is granted.
E. EUGENE SPEAR, JUDGE